UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Melissa Veale,

*Plaintiff*,

vs.

Historic Inns of New York City, LLC and
JK Park Hospitality LLC,

*Defendants*.

**COMPLAINT**

Plaintiff, MELISSA VEALE (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, HISTORIC INNS OF NEW YORK CITY, LLC and JK PARK HOSPITALITY LLC (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

**JURISDICTION AND VENUE**

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a restaurant located at 127 E. 27th Street, New York, NY 10016 doing business as "SKEWR" (hereinafter, the "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Southern District.

**PARTIES**

**4.** Plaintiff, MELISSA VEALE, is over the age of 18, *sui juris*, and a resident of Bronx

County, New York. Plaintiff has suffered from paraplegia since 1996, and as a result is bound to ambulate in a wheelchair. As such, Plaintiff is a qualified individual under the ADA.

**5.** Defendant, HISTORIC INNS OF NEW YORK CITY, LLC, is a domestic limited liability company which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, HISTORIC INNS OF NEW YORK CITY, LLC, is the owner of the Subject Premises.

**6.** Defendant, JK PARK HOSPITALITY LLC, is a domestic limited liability company which is authorized to and does transact business in the State of New York and within this judicial district and is the owner/operator of the restaurant known as “SKEWER” located at the Subject Premises.

**7.** According to New York Department of State Division of Corporations records, Defendant, JK PARK HOSPITALITY LLC, field the Assumed Name “SKEWR AND BREWR” on October 6, 2025.

**8.** Records maintained by the New York State Liquor Authority indicate that Defendant, HISTORIC INNS OF NEW YORK CITY, LLC, and Defendant, JK PARK HOSPITALITY LLC, were jointly issued an On Premises Liquor license on December 9, 2025 for the Subject Premises.

**9.** SKEWR is a restaurant offering food and beverage items to members of the general public in a dine-in setting. The establishment provides customers with the ability to enter the restaurant, be seated, and purchase meals and beverages in a public accommodation intended for on-site dining. The Plaintiff appreciates the food offerings and dining experience provided at SKEWR. However, despite the Plaintiff’s interest in patronizing the restaurant, significant accessibility barriers impede the Plaintiff’s ability to fully and equally access and enjoy the goods

and services offered at the Subject Premises, in violation of the ADA.

## FACTUAL ALLEGATIONS AND CLAIM

**10.** Most recently on or about July 22, 2026, Plaintiff visited the Subject Premises and personally encountered physical barriers to access, which compelled her to engage with those barriers, resulting in legal harm and injury. Plaintiff continues to suffer harm due to the existence of these barriers and the Defendants' failure to comply with ADA regulations.

**11.** Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, she is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

**12.** Plaintiff has been denied full and equal access to the Subject Premises, preventing her from enjoying the goods and services offered therein. These denials are caused by the physical barriers, including those outlined in this Complaint, and will continue until the barriers are removed.

**13.** Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

**14.** Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to meet the 2010 Standards. However, the violations described in this Complaint fail to comply with both the 1991 Standards and the 2010 Standards.

**15.** The Subject Premises, as a public accommodation and service establishment, is

required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

**16.** Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and she will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

**17.** Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying these violations.

**18.** Most recently on or about July 22, 2026, Plaintiff attempted to access the Subject Premises but was unable to do so due to her disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted her access to the property and its accommodations.

**19.** Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, her ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT
**(Against All Defendants)**

**20.** Plaintiff restates Paragraphs 1-19 as though fully set forth herein.

**21.** Defendants, HISTORIC INNS OF NEW YORK CITY, LLC and JK PARK HOSPITALITY LLC, have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., and the ADA's Accessibility Guidelines, 28 C.F.R.

Part 36.

**22.** Defendant, HISTORIC INNS OF NEW YORK CITY, LLC, as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

**23.** Defendant, JK PARK HOSPITALITY LLC, as the owner/operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

**24.** Plaintiff personally encountered architectural barriers at the Subject Premises that deterred Plaintiff from entering and accessing the interior of the establishment. Under controlling Second Circuit authority, once a plaintiff establishes standing as to at least one barrier affecting the plaintiff's disability, the plaintiff may challenge all other barriers within the premises related to that disability, even if the plaintiff was unable to personally encounter each interior barrier due to the inaccessible conditions at the entrance. *See Kreisler v. Second Ave. Diner Corp*., 731 F.3d 184, 188-89 (2d Cir. 2013); *Hurley v. Tozzer, Ltd.*, No. 15-CV-2785, 2018 WL 1872194, at *4 (S.D.N.Y. Feb. 2, 2018); *Hashimi v. Baklajian*, No. 25-CV-2152 (E.D.N.Y. Mar. 4, 2026). Plaintiff's knowledge of the additional interior accessibility barriers is based upon an inspection of the Subject Premises performed by an ADA accessibility consultant retained on Plaintiff's behalf after Plaintiff encountered and was deterred by the inaccessible entrance conditions. Accordingly, Plaintiff properly alleges the interior ADA violations identified herein because such barriers impede full and equal access to the goods, services, facilities, privileges, advantages, and accommodations offered at the Subject Premises.

**25.** The Plaintiff's ability to access the Subject Premises and fully benefit from its

goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

**Entrance**

**i. Inaccessible Entrance**
The entrance is inaccessible because an accessible route to the establishment and an accessible means of egress are not provided, an existing step at the entrance acts as a barrier to accessibility, and a required ramp is not provided, preventing Plaintiff and other wheelchair users from accessing and entering the establishment. This is a violation of ADAAG §§206, 206.1, 206.2, 206.2.1, 206.4, 207, 207.1, 303.4, 402, 402.1, 402.2, and 403.4. Providing a compliant accessible entrance and ramp is readily achievable.

**ii. Non-Compliant Maneuvering Clearance at Entrance**
The entrance is inaccessible because the required minimum maneuvering clearance is not provided at the entrance door and a non-compliant change in floor level exists within the required maneuvering clearance, preventing Plaintiff and other wheelchair users from independently accessing and utilizing the entrance door. This is a violation of ADAAG §§206, 206.4, 206.4.1, 404.2.4, and 404.2.4.4. Providing compliant maneuvering clearance at the entrance is readily achievable.

**Dining Areas**

**iii. Inaccessible Cafe Counter**
The cafe counter located at the front side of the establishment is inaccessible because the counter height exceeds the maximum allowable height, the required minimum knee and toe clearance is not provided, and the required accessible portion of the cafe counter is not provided, preventing Plaintiff and other wheelchair users from utilizing the cafe counter. This is a violation of ADAAG §§226, 226.1, 902, 902.1, 902.2, 902.3, 306.2, and 306.3. Providing a compliant accessible portion of the cafe counter is readily achievable.

**iv. Inaccessible Dining Tables**
The dining tables located in the cafe dining area at the front side of the establishment are inaccessible because the required minimum knee and toe clearance is not provided and the minimum percentage of existing dining tables required to be accessible is not provided, preventing Plaintiff and other wheelchair users from utilizing the dining tables. This is a violation of ADAAG §§226, 226.1, 902, 902.1, 902.2, 306.2, and 306.3. Providing compliant accessible dining tables is readily achievable.

**v. Inaccessible Bar**
The bar is inaccessible because the bar height exceeds the maximum allowable height, the required minimum knee and toe clearance is not provided, and the required accessible portion of the bar is not provided, preventing Plaintiff and other wheelchair users from

utilizing the bar. This is a violation of ADAAG §§226, 226.1, 902, 902.1, 902.2, 902.3, 306.2, and 306.3. Providing a compliant accessible portion of the bar is readily achievable.

**Restroom Area**

**vi. Inaccessible Mirrors Outside Restrooms**
The two mirrors located outside the restrooms are inaccessible because the bottom edges of their reflecting surfaces exceed the maximum allowable height, preventing Plaintiff and other wheelchair users from utilizing the mirrors. This is a violation of ADAAG §603.3. Providing compliant mirrors is readily achievable.

**Unisex Restrooms**

**vii. Restroom Identification Signage Not Provided**
Compliant signage identifying the first, second, and third unisex restrooms is not provided as required, preventing Plaintiff and other individuals with disabilities from independently identifying and locating the restrooms. This is a violation of ADAAG §§216, 216.1, 216.2, 703.1, 703.4.1, and 703.4.2. Providing compliant restroom identification signage is readily achievable.

**viii. Inaccessible Restroom Entrances**
The first and second of three unisex restrooms are inaccessible because the required minimum clear width and required minimum maneuvering clearance are not provided at the restroom doors, preventing Plaintiff and other wheelchair users from independently accessing and utilizing the restrooms. This is a violation of ADAAG §§404.2.3, 404.2.4, 604.8, and 604.8.1.2. Providing compliant restroom entrances is readily achievable.

**ix. Insufficient Restroom Space**
The first and second of three unisex restrooms are inaccessible because the required minimum space is not provided within the restrooms, preventing Plaintiff and other wheelchair users from maneuvering within and utilizing the restrooms. This is a violation of ADAAG §§604.8 and 604.8.1.1. Providing compliant restroom space is readily achievable.

**x. Inaccessible Water Closets**
The water closets located in the first and second of three unisex restrooms are inaccessible because the required minimum clearances are not provided, preventing Plaintiff and other wheelchair users from safely transferring to and utilizing the water closets. This is a violation of ADAAG §§604.3 and 604.3.1. Providing compliant water closet clearances is readily achievable.

**xi. Grab Bars Not Provided**
Required grab bars are not provided on the rear and side walls adjacent to the water closets in the first and second of three unisex restrooms, preventing Plaintiff and other wheelchair users from safely transferring to and utilizing the water closets. This is a violation of ADAAG §§604.5 and 609. Providing compliant grab bars is readily achievable.

**xii. Non-Compliant Plumbing Valve Locations**
The plumbing valves are located directly behind the toilet seats of the water closets in the first, second, and third unisex restrooms, creating a risk of injury or imbalance to Plaintiff and other wheelchair users utilizing the water closets. This is a violation of ADAAG Advisory §604.6. Relocating or otherwise correcting the plumbing valve locations is readily achievable.

**xiii. Inaccessible Coat Hooks**
The coat hooks in the first and second of three unisex restrooms are inaccessible because their mounted heights exceed the maximum allowable reach range, preventing Plaintiff and other wheelchair users from independently utilizing the coat hooks. This is a violation of ADAAG §§604.8.3 and 308. Providing compliant coat hooks is readily achievable.

**xiv. Inaccessible Toilet Paper Dispenser in Third Restroom**
The toilet paper dispenser in the third of three unisex restrooms is inaccessible because it is not positioned within the required distance from the water closet, preventing Plaintiff and other wheelchair users from independently utilizing the dispenser. This is a violation of ADAAG §604.7. Relocating the toilet paper dispenser to a compliant location is readily achievable.

**26.** Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to her disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

**27.** Plaintiff lives approximately 13.3 miles from the Subject Premises and regularly frequents the surrounding area and nearby boroughs, including Bronx, Queens, Brooklyn, and Manhattan, on a weekly basis for dining, shopping, errands, recreation, and visiting businesses open to the public. Plaintiff intends to return to the Subject Premises within the next six (6) months to avail herself of the goods and services offered therein if the Subject Premises are made accessible to individuals with mobility disabilities.

**28.** The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or

expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

**29.** Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## RELIEF SOUGHT

**30.** Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

**31.** Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and usable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

**32.** Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff her reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

BARDUCCI LAW FIRM, PLLC
5 West 19th Street, 10th Floor
New York, NY 10011
(212) 433-2554

By: /s/ Maria-Costanza Barducci
Maria-Costanza Barducci, Esq.
*Attorney for Plaintiff*
Bar No. 5070487
MC@BarducciLaw.com